**GAZES & ASSOCIATES LLP**
**Attorneys for the Debtors**
**and Debtors in Possession**
**1675 Broadway**
**New York, New York 10019**
**(212) 765-9563**
**Ian J. Gazes (IG 7564)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
**In re**                                                        :
                                                                 :   Chapter 11 Case No.
**BETHLEHEM STEEL CORPORATION.,** *et al.*,                      :   01-15288 (BRL) through
                                                                 :   01-15302, 01-15308
               **Debtors.**                                      :   through 01-15315 (BRL)
                                                                 :   (Jointly Administered)
---------------------------------------------------------------- x
**BETHLEHEM STEEL CORPORATION,**                                 :
                                                                 :   **Adversary Proceeding**
               **Plaintiff,**                                    :   **No. 03-_____ (BRL)**
                                                                 :
         vs.                                                     :
                                                                 :
**GALBREATH INC,**                                               :
                                                                 :
               **Defendant.**                                    :
----------------------------------------------------------------x

## COMPLAINT TO AVOID PREFERENTIAL TRANSFERS

Plaintiff Bethlehem Steel Corporation ("BSC" or "Plaintiff"), as debtor and debtor in possession, as and for its complaint to avoid certain preferential transfers made by BSC to or for the benefit of GALBREATH INC ("Defendant"), respectfully alleges as follows:

1

## NATURE OF THE ACTION

By this action, Plaintiff seeks a money judgment resulting from certain transfers it made to Defendant during the 90 day period prior to the commencement of these bankruptcy cases. Specifically, Plaintiff seeks entry of a judgment against Defendant (1) pursuant to 11 U.S.C. § 547(b), avoiding the Avoidable Transfers (defined below), (2) pursuant to 11 U.S.C. § 550(a), directing Defendant to pay to Plaintiff's estate an amount to be determined at trial that is not less than the amount of the Avoidable Transfers, plus interest and costs; and (3) pursuant to 11 U.S.C. § 502(d), disallowing any claim of Defendant against Plaintiff.

## JURISDICTION AND VENUE

1. On October 15, 2001 (the "Commencement Date"), BSC and its debtor subsidiaries, as debtors and debtors in possession (collectively with BSC, "Bethlehem" or the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11, United States Code (the "Bankruptcy Code"). Plaintiff continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code and, accordingly, is authorized to prosecute avoidance actions.

2. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1331 and 1334(b) and (e).

3. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

4. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a) because this is the district where BSC's chapter 11 case is pending.

5. This proceeding has been brought in accordance with Fed. R. Bankr. P. 7001.

## THE PARTIES

6. Plaintiff is a corporation organized under the laws of Delaware with its principal place of business at 1170 Eighth Avenue, Bethlehem, Pennsylvania.

7. Upon information and belief, Defendant is a corporation with a mailing address at 436 EAST ROSSER AVE, P O BOX 220, WINAMAC, IN, 46996.

## COUNT I – TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C.§ 547(b)

8. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 7 above as if fully set forth herein.

9. Sections 547(b) and 550(a) of the Bankruptcy Code empower a debtor in possession, for the benefit of the estate, to avoid and recover a transfer to a creditor of an interest of the debtor in property if the requirements set forth therein are met.

10. Pursuant to section 547(b) of the Bankruptcy Code, a debtor in possession may avoid any transfer of an interest of the debtor in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor before such transfer was made, (c) made while the debtor was insolvent, (d) made on or within 90 days, or in certain circumstances within one year, before the filing of the petition, (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

11. During the 90 day period prior to the Commencement Date, Plaintiff made certain transfers (the "Avoidable Transfers") totaling not less than $1,056.00 to or for the benefit of Defendant on the dates and in the amounts set forth in the chart annexed as Exhibit A hereto, which is incorporated by reference herein.

12. The Avoidable Transfers were to or for the benefit of Defendant, a creditor of BSC.

13. The Avoidable Transfers were on account of antecedent debt(s) owed by BSC to or for the benefit of Defendant before such transfers were made.

14. The Avoidable Transfers to or for the benefit of Defendant were made while BSC was insolvent.

15. The Avoidable Transfers enabled Defendant to recover more than it would have received if (a) the Avoidable Transfers had not been made, (b) the case were a case under chapter 7 of the Bankruptcy Code, and (c) Defendant received payment of its debt to the extent provided by the provisions of title 11 of the United States Code.

16. By reason of the foregoing, the Avoidable Transfers should be avoided and set aside as preferential.

### COUNT II – TO RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 550

17. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 16 above as if fully set forth herein.

18. Defendant was the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

19. Pursuant to 11 U.S.C. § 550(a), BSC is entitled to recover from Defendant an amount to be determined at trial that is not less than $1,056.00 plus interest thereon to the date of payment and the costs of this action.

### COUNT III – TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 above as if fully set forth herein.

21. Defendant was the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

22. Pursuant to 11 U.S.C. § 502(d), any claims of Defendant against BSC must be disallowed until such time as Defendant pays to BSC an amount equal to the aggregate amount of all the Avoidable Transfers.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment against Defendant (1) pursuant to 11 U.S.C. § 547(b), avoiding the Avoidable Transfers; (2) pursuant to 11 U.S.C. § 550(a), directing Defendant to pay to BSC's estate an amount to be determined at trial that is not less than $1,056.00, plus interest and costs; (3) pursuant to 11 U.S.C. § 502(d), disallowing any claim of Defendant against

BSC and (4) granting to BSC such other and further relief as may appear just and proper.

Dated:  New York, New York
        October 9, 2003

                                              /s/ Ian J. Gazes
                                              Ian J. Gazes, Esq. (IG 7564)
                                              Gazes & Associates LLP
                                              Attorneys for Plaintiff
                                              1675 Broadway
                                              New York, NY 10019
                                              (212) 765-9000

## **EXHIBIT A**

| 90-day check data | | | | | |
|---|---|---|---|---|---|
| Vendor_No | Defendant_Name | Check_No | Check_Amt | Check_Date | Ref_No |
| G03467 | GALBREATH INC | 425520 | 1056 | 10/3/2001 | 3065 |